UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN ENGLE,<br>                   Plaintiff,<br>-v-<br>COMMISSIONER OF SOCIAL SECURITY,<br>                   Defendant. | No. 1:20-cv-113<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Brian Engle seeks review of a final decision denying his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff sought benefits for a disability that began in March 2016. The ALJ issued her order denying benefits in December 2018. The Appeals Council declined review. Plaintiff filed this lawsuit.

The Magistrate Judge issued a report recommending the Court affirm the final decision. (ECF No. 16 R&R.) Plaintiff filed objections. (ECF No. 17.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has endeavored to identify the specific findings of fact and conclusions of law to which Plaintiff objects. Plaintiff clearly objects to the recommended outcome.

1. Residual Functional Capacity. The Administrative Law Judge (ALJ) concluded that Plaintiff could perform light work. Plaintiff argued that the ALJ failed to account for Plaintiff's use of a cane. The Magistrate Judge finds no error. Plaintiff does not object to this portion of the R&R.

2. Lack of Treatment. For Plaintiff's shoulder injury and carpal tunnel syndrome, the ALJ concluded that Plaintiff had only conservative treatment. Plaintiff argued the ALJ did not make the proper inquiries about treatment. Plaintiff argued that the reason he did not have more aggressive treatment was because the doctors were aware of Plaintiff's finances and did not recommend surgery as a result.[1] The Magistrate Judge rejects this argument based on a lack of evidence.[2]

Plaintiff objects, citing PageID.534. (PageID.832.) Plaintiff's objection is overruled. That document refers to Plaintiff's attempt to obtain pain medication by paying cash. The document does not support any conclusions about why a doctor might or might not have required surgery.

3. Surgery. Plaintiff notes he underwent surgery approximately three months after the decision. Plaintiff contends the surgery undermines the ALJ's conclusion that Plaintiff only

---

[1] "Given Plaintiff's limited finances (and the number of doctors who will not treat patients with limited insurance coverage), her failure to make inquiries on this issue was error." (PageID.790.)

[2] "There is nothing in this record, however that supports the argument that, prior to the ALJ's decision, Plaintiff's care providers concluded that Plaintiff required surgery or more aggressive treatment but failed to recommend such due to Plaintiff's inability to pay." (PageID.827.)

received conservative treatment. Plaintiff also argues that the Court should remand for additional findings under Sentence Six.

The Magistrate Judge concludes that the evidence (surgery documents) do not require remand because Plaintiff has not shown a reasonable probability that the Commissioner would reach a different conclusion based on the new evidence. (PageID.828-30.)

A. First, the Magistrate Judge concludes the evidence did not establish that Plaintiff was or is disabled. Plaintiff objects. Plaintiff explains that "[w]e still do not know if, . . . , Plaintiff will ever be capable of working again." (PageID.833.) Plaintiff's objection is overruled. Plaintiff bears the burden of demonstrating that the new evidence is material. The asserted lack of knowledge does not meet Plaintiff's burden.

B. Second, the Magistrate Judge found that the medical evidence demonstrates that Plaintiff's C5-C6 deteriorated between March 2018 and February 2019. The Magistrate Judge reasoned that any conclusion that surgery became necessary prior to December 2018, when the ALJ made her decision, would be speculative. Plaintiff objects. Plaintiff asserts that there is "no doubt that there was a significant pathology." Plaintiff's objection is overruled. The objection does not undermine the Magistrate Judge's accurate description of the evidence (when deterioration occurred) or the conclusion (disability prior to December 2018 would be speculation).

For these reasons, the Report and Recommendation (ECF No. 16) is **ADOPTED** as the Opinion of this Court. The Court **AFFIRMS** the Commissioners' decision denying benefits. **IT IS SO ORDERED.**

Date: October 23, 2020     /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge